ROSADO ET AL. *v.* TERRASA, COMO LIQUIDADOR DE SUCESORES DE PERICÁS & CO.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 753.—Resuelto en marzo 7, 1912.

ACCIÓN REIVINDICATORIA—ERROR EN EL NOMBRE DE LOS DEMANDANTES.—El nombrar a los demandantes en la demanda con un nombre erróneo, siendo un defecto que puede ser subsanado durante el juicio y no habiendo sido objeto de objección en el mismo, no puede servir de base para la revocación de la sentencia en grado de apelación.

ID.—FRAUDE—SOCIEDAD MERCANTIL—INCONGRUENCIA DE LA PRUEBA.—Deducida contra la sociedad sucesora de otra sociedad mercantil una acción reivindicatoria e imputándose en la demanda a la sociedad sucesora, que puede considerarse como tercero, la comisión de fraude, que según la prueba es imputable a la sociedad primitiva y no a la sucesora, existe una incongruencia de la prueba con las alegaciones de la demanda que trae consigo la revocación de la sentencia apelada.

ID.—LIQUIDADOR DE UNA SOCIEDAD MERCANTIL—SOCIOS DE LA SOCIEDAD EN LIQUIDACIÓN—DEFECTO DE PARTES.—El liquidador de una sociedad mercantil no tiene personalidad bastante para representar a todos los que forman parte de la sociedad en liquidación y por tanto constituye un defecto de partes demandadas el ser demandado únicamente el liquidador, sin serlo todos los socios de la sociedad en liquidación, o sus herederos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. D. Simón Largé.*

Abogados de los apelados: *Sres. Santiago B. Palmer y Miguel Guerra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso los demandantes establecieron una acción contra Gabriel Terrasa como liquidador de la sociedad comercial Sucesores de Pericás y Cía., alegando que en 5 de marzo de 1875, los demandantes eran menores de edad y estaban bajo la tutela de Don Pedro Ramírez, quien más luego falleció; que dicho tutor y en la predicha fecha, o sea en 5 de marzo de 1875, adquirió a nombre de dichos menores demandantes, y en virtud de compra a Doña Urfila Román, la finca que en dicha demanda se describe; que dicha finca fué debidamente inscrita en el registro de la propiedad a nombre de los demandantes, no habiendo éstos cedido ni vendido los derechos que a la misma tienen; que en el año 1897, el tutor de dichos menores abusiva y maliciosamente, y en contubernio con la sociedad Sucesores de Pericás y Ca., les vendió cincuenta cuerdas pertenecientes a dicha finca sin el consentimiento de tales menores, y sin obtener la correspondiente autorización judicial; que como era imposible inscribir este documento en el Registro de la Propiedad de Arecibo, en 6 de marzo de 1897 y ante el Juez de Primera Instancia de Arecibo, promovieron un expediente posesorio de dichas cincuenta cuerdas, desfigurándolas y describiéndolas de modo distinto a como hasta ahora se habían descrito, expresando distintas colindancias, cuya finca fué debidamente inscrita en el registro de la propiedad a nombre de dicha sociedad.

El demandado formuló excepción previa a dicha demanda, alegando, entre otras cosas, que la demanda era defectuosa porque en ella se pedía, no solamente la reivindicación de la finca, sino que también se trató de obtener la nulidad del expediente posesorio. Los demandados enmendaron su demanda en el sentido de establecer en la misma sólo una acción reivindicatoria.

El demandado formuló su contestación a la precedente demanda, negando varios de los hechos relacionados en la mis-

ma, y de modo más específico la imputación de fraude y con-
tubernio, pasando después a alegar que la Sociedad Mercan-
til de Pericás y Ca., adquirió por compra a Don Pedro Ramí-
rez, en el año 1897, la finca descrita en la contestación, y cuya
descripción corresponde en substancia con la segunda descrip-
ción expresada en la demanda. En la demanda se atribuye
la adquisición, no a Pericás y Ca., sino a los Sucesores de Peri-
cás y Ca. Prosigue la contestación exponiendo que fué Peri-
cás y Ca., quien careciendo de título eficiente tuvo necesidad
de tramitar el expediente posesorio ante el Juez de Primera
Instancia de Arecibo; que estando para disolverse la sociedad
mercantil de Pericás y Ca., pasó dicha finca a ser de la pro-
piedad de Sucesores de Pericás y Ca., por escritura pública
de 30 de marzo de 1898. Después sigue un párrafo en el cual
el demandado alega que Pericás y Ca., y posteriormente Su-
cesores de Pericás y Ca., han venido poseyendo la finca des-
crita, quieta, pública y pacíficamente, con justo título y buena
fe, constantemente y sin interrupción. Se hicieron otras ale-
gaciones en la demanda y contestación que no es necesario es-
pecificar en detalle, para los fines de esta apelación. Cele-
brado el juicio, la Corte dictó sentencia a favor de los deman-
dantes.

Se probó en el juicio que el expresado tutor, tío de los de-
mandantes, siguió en posesión de la finca hasta su muerte,
que ocurrió unos dos años antes del establecimiento de este
pleito, continuando después ocupando la misma su esposa;
que al tratar los demandantes de iniciar una acción de desa-
hucio contra ella, se opuso Gabriel Terrasa, alegando que di-
cha finca pertenecía a la mercantil Sucesores de Pericás y Ca.
No obstante la declaración de la viuda del tutor de que pa-
gaba una renta a Gabriel Terrasa, de la prueba apareció que
Gabriel Terrasa jamás trató de posesionarse de dicha finca.
La finca reclamada por ambas partes se comprobó de modo
conclusivo que era la misma.

El apelante no se funda tanto en la falta de prueba al so-
licitar la revocación de la sentencia, sino en otros motivos.

Alega que se describieron los demandantes con un nombre y la prueba muestra que su nombre completo era diferente, no debiendo prosperar la acción por falta de una debida descripción. Creemos que el defecto pudo haberse subsanado inmediatamente durante el juicio, si se hubiera formulado de algún modo la objeción ante la corte inferior. No aparece que tal objeción se hiciera. Entendemos que el defecto no fué fatal o uno que afectaba la justicia substancial del caso. El demandado no estuvo en manera alguna mal inducido por la descripción defectuosa, y de conformidad con el artículo 142 del Código de Enjuiciamiento Civil, no deberá revocarse ninguna sentencia por un defecto de esta clase.

La principal alegación del apelante es que Sucesores de Pericás y Ca., son terceras personas, y aun cuando procediera la imputación de fraude contra Pericás y Ca., tal cargo de fraude no puede hacerse contra Sucesores de Pericás y Ca., que son terceros. La alegación de la demanda se dirige contra Sucesores de Pericás y Ca., y no contra Pericás y Ca. La demanda es realmente defectuosa al imputar el fraude a la mercantil Sucesores de Pericás y Ca. La corte en su opinión habla sin interrupción de Sucesores de Pericás y Ca., como los que ejecutaron los actos fraudulentos, mientras que de la prueba aparece que dicha mercantil adquirió la finca en una época posterior a la tramitación del expediente posesorio por Pericás y Ca.

Alegaron además los apelantes que existe defecto de partes al no hacer partes en el pleito a todos los miembros de Sucesores de Pericás y Ca., puesto que todos ellos como tales miembros de la mercantil de Pericás tienen participación en la finca; y que un mero liquidador de una mercantil no representa a todos los miembros que la componen.

Creemos que la cuestión ha sido bien planteada. Por fraudulenta que se alegue haya sido hecha una transacción, todas las partes interesadas tienen derecho a ser oídas. Según las alegaciones y la prueba que se nos han presentado, hu-

bo prueba con la que se trató de probar el interés que tenían otras personas además de Gabriel Terrasa.

Bajo estas circunstancias no es necesario discutir la cuestión de prescripción, pero debe revocarse la sentencia y devolverse el caso para que proceda la corte en la sustanciación · de este caso de conformidad con los principios enunciados en esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.